**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kevin Brunston,<br><br>　　　　Plaintiff<br>v.<br><br>Gaughan South, LLC, et al.,<br><br>　　　　Defendants | Case No.: 2:21-cv-01947-JAD-NJK<br><br>**Order Granting in Part Defendants'<br>Motion to Dismiss and Denying Plaintiff's<br>Motion for Reconsideration**<br><br>[ECF Nos. 16, 21] |

Plaintiff Kevin Brunston filed this disability-discrimination suit after he was told he could not wear shaded glasses at blackjack tables run by Gaughan South LLC dba South Point Casino. He sues South Point and Chris Bianchi, one of the casino's pit bosses.[1] Defendants move to dismiss, contending that Brunston fails to state any claim for relief. I grant the motion as to Brunston's state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing, but this case moves forward on Brunston's disability-discrimination and negligent-training claims.

### Background[2]

Brunston is legally blind and suffers from "severe dry eye."[3] He wears shaded glasses at all times so that he can see and to avoid "extreme eye pain and photophobia."[4] On July 19, 2021, Brunston went to the South Point Casino to play blackjack.[5] For "approximately one-and-a-half

---

[1] I refer to both defendants collectively as South Point throughout this order.

[2] These facts are taken from Brunston's amended complaint and are not intended as findings of fact.

[3] ECF No. 11 at 1.

[4] *Id.* at 1–2.

[5] *Id.* at 2.

days," Brunston played blackjack while wearing shaded glasses "without incident."[6] On July 20th, Brunston booked a hotel room at South Point and he returned to the blackjack tables after checking in.[7] But an employee stopped him, informed him that he could not sit at the tables with his glasses on, and told him to "vacate the area."[8] Brunston returned to his room, called the hotel switchboard to complain, and was connected to pit-boss manager Chris Bianchi.[9] Bianchi said that "he could not take a complaint" and told Brunston to wait to speak to another employee whose shift started the next day and after Brunston had planned to leave the hotel.[10]

Brunston brings this suit against South Point and Bianchi for violations of Title III of the Americans with Disabilities Act (ADA) and Nevada's state-law equivalent, as well as for negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing.[11] He also invokes the theories of respondeat superior and negligent entrustment to show that the actions of South Point employees may be imputed to South Point itself.[12] Brunston seeks declaratory, injunctive, and monetary relief.[13] South Point and Bianchi move to dismiss all of Brunston's claims.[14]

---

[6] *Id.* at ¶ 16.

[7] *Id.* at ¶¶ 18–19.

[8] *Id.* at ¶¶ 19–20.

[9] *Id.* at ¶¶ 21–22. Brunston names a "Chris Bianca" in his amended complaint. Defendants note in their motion to dismiss that the correct spelling is Bianchi. ECF No. 21 at 1.

[10] ECF No. 11 at ¶¶ 22–24.

[11] *Id.* at ¶¶ 26–66.

[12] *Id.* at ¶¶ 67–78.

[13] *Id.* at 15–17.

[14] ECF No. 21.

**Discussion**

**A.     Brunston's disability-discrimination claims**

To plead a claim under Title III of the ADA, a plaintiff must allege that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."[15]  South Point contends that Brunston's disability does not meet the ADA's definition and that he was offered reasonable accommodations for his disability.

**1.     Brunston's allegations of disability are sufficient at this stage.**

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[16]  Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[17]  South Point contends that Brunston's allegations that he suffers from dry eye and photophobia do not establish a substantial limitation and that gambling is not a major life activity.[18]  But South Point severely misconstrues Brunston's allegations and the ADA's definition of disability.  Brunston alleges that he is legally blind and that he wears shaded glasses "in order for him to see" and to avoid "extreme eye pain and photophobia."[19]  And the relevant major life activity Brunston identifies is his ability to see, not his ability to engage in a

---

[15] *Arizona ex rel. Goddard v. Harkins Amusement Enter., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).
[16] 42 U.S.C. § 12102(1).
[17] *Id.* at § 12102(2)(A).
[18] ECF No. 21 at 6–9.
[19] ECF No. 11 at 2.

3

recreational activity like playing blackjack. At this stage, these allegations are sufficient to show that his impairment—legal blindness—substantially limits major life activities—seeing—without accommodations. So I do not credit South Point's argument that Brunston hasn't sufficiently alleged a qualifying disability to bring an ADA claim.

**2. South Point's argument that Brunston received reasonable accommodations for his disability presents a factual dispute that cannot be resolved at this motion-to-dismiss stage.**

South Point argues that Brunston cannot "set forth a meritorious claim because he does not require mirrored sunglasses to play table games in the casino and that he had non-mirrored sunglasses that he could have used . . . ."[20] To make this argument South Point relies on the affidavit of Chris Bianchi, who states that casino policy prohibits all blackjack players from wearing mirrored sunglasses but allows them to wear non-mirrored sunglasses.[21] Bianchi also avers that Brunston was wearing mirrored sunglasses when he was asked to leave, Bianchi told him he was permitted to wear non-mirrored ones, and Brunston replied that he had non-mirrored glasses he could use instead.[22]

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[23] Otherwise, the motion must be converted into one for summary judgment. There are two narrow exceptions to this rule: a court may consider additional evidence if (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevance is

---

[20] ECF No. 21 at 10.
[21] *Id.* at 24.
[22] *Id.*
[23] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

not in dispute."[24]  South Point fails to show that either of these exceptions applies and I find that neither does.  Brunston's complaint does not rely on Bianchi's affidavit, nor are the affidavit's contents alleged in the complaint.  And I decline to convert this motion to one for summary judgment to consider Bianchi's affidavit at this nascent stage of this litigation.  Brunston contends that whether he requires mirrored—not merely shaded—glasses and whether he had another pair of glasses he could use are "contested questions of material fact."[25]  So I deny South Point's motion to dismiss Brunston's ADA claim because it has not shown that Brunston failed to state a claim based only on the allegations in his amended complaint.[26]  And because South Point moves for dismissal of Brunston's state public-accommodations-discrimination claim because it is "simply the [s]tate [c]ourt equivalent to" his ADA claim, I deny its motion to dismiss that claim for these reasons too.

**B.     Brunston's remaining state-law claims**

### 1.     Brunston's negligence claim proceeds only on his negligent-training theory.

"[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[27]  South Point contends that Brunston has not adequately pled any duty that South Point breached.[28]  Brunston argues that, as an innkeeper, South Point had a duty under Nevada law to

---

[24] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[25] ECF No. 28 at 18.

[26] South Point also argues that Brunston presents no case or controversy because South Point provided him the reasonable accommodation of wearing non-mirrored sunglasses while playing blackjack. ECF No. 21 at 12–13.  This is simply a retooling of South Point's argument that Brunston fails to state a claim and again relies on facts not in the complaint.

[27] *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (cleaned up).

[28] ECF No. 21 at 14.

"protect patrons from foreseeable wrongful acts."[29]  South Point responds that Nevada's innkeeper law addresses only "the civil liability of hotel owners for the injury of a person on their premises caused by third parties" and is thus inapplicable to this case.[30]  South Point is correct: Nevada Revised Statute § 651.015 relates solely to civil liability for injuries "caused by another person who is not an employee under the control or supervision of the owner."[31]  Brunston fails to point to some other innkeeper duty that would extend to the casino's treatment of a gambling patron, so I dismiss Brunston's negligence claim to the extent that it relies on this duty.

Brunston also argues that South Point was negligent because it breached its duty to train its employees to properly handle the accommodation of patrons with disabilities.[32]  "Under Nevada law, employers have the 'duty to use reasonable care in the training, supervision, and retention of [their] employees to make sure that the employees are fit for their positions.'"[33]  Brunston alleges that South Point breached that duty by failing to train employees "to discern the difference between impermissible profiling on the basis of disability and a security threat."[34]  South Point fails to present any authority indicating that a negligent-training claim predicated on a failure to train employees on the casino's ADA obligations cannot stand as a matter of law.  So

---

[29] ECF No. 28 at 24 (quoting *Smith v. Coast Hotels & Casinos, Inc.*, 2014 WL 3764810, at *4 (Nev. July 29, 2014) (citing Nev. Rev. Stat. § 651.015)).

[30] ECF No. 30 at 5.

[31] Nev. Rev. Stat. § 651.015(1).

[32] ECF No. 28 at 25; ECF No. 11 at ¶ 73.

[33] *Ramirez v. Wynn Las Vegas, LLC*, 2022 WL 3715751, at *11 (D. Nev. Aug. 29, 2022) (quoting *Hall v. SFF, Inc.*, 930 P.2d 94, 99 (Nev. 1996)).

[34] ECF No. 11 at ¶ 73.

I deny South Point's motion to dismiss insofar as it requests dismissal of Brunston's negligence claim based on a negligent-training theory.[35]

### 2. Brunston fails to plead a breach-of-contract claim.

To prevail on a breach-of-contract claim under Nevada law, the plaintiff must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[36] As the Nevada Supreme Court has explained, the plaintiff generally has the burden of pleading and proving that it fulfilled conditions precedent in order to recover on a breach-of-contract claim.[37] "[A]bsent some countervailing reason, contracts will be construed from the written language and enforced as written."[38]

Brunston alleges that, "at all relevant times . . . [South Point] made binding, enforceable promises to [him] amounting to a contract and/or statutory or regulatory duties that [he] would not be asked to leave the gaming tables area because he was paying guest there, he was not loitering, and he was not disturbing anyone else."[39] He claims that South Point breached those promises when it evicted Brunston from the gaming tables area "without just cause."[40]

---

[35] Brunston includes his "negligent[-]hiring and entrustment" allegations in a portion of his complaint entitled "additional theories of liability applicable to all claims" and contends that "negligent hiring and entrustment are not properly causes of action or claims for relief, but rather, methods of assigning liability to an employer for the conduct of its employees." *Id.* at 14 n.2. South Point moves to strike the "theories of liability" portion of Brunston's complaint because it is not a cause of action and thus should not be considered. ECF No. 21 at 3. The placement of these allegations under a separate section of the complaint does not justify striking them, so I deny that request.

[36] *Richardson v. Jones*, 1 Nev. 405, 408 (1865).

[37] *Clark Cnty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95, n. 21 (Nev. 2007) (citing Nev. R. Civ. P. 9(c) and *Walton v. Nalco Chem. Co.*, 272 F.3d 13, 20–23 (1st Cir. 2001)).

[38] *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975 (Nev. 1990).

[39] ECF No. 11 at ¶ 53.

[40] *Id.* at ¶ 55.

South Point contends that Brunston fails to identify any specific contract between the parties that was breached.[41] Brunston responds that a written contract is not required and that "whether [he] had a contract with [] South Point is an outstanding question of fact."[42]

"An enforceable contract requires an offer and acceptance, meeting of the minds, and consideration."[43] Brunston contends that these requirements were met because South Point "offered goods and services, whether by making games available, by providing a room to stay in, and by selling drinks and food."[44] But Brunston fails to show that the parties had a meeting of the minds concerning the terms of this alleged contract and what would constitute its breach. Brunston's factual allegations are insufficient to show that a contract that allowed him to wear sunglasses while playing blackjack was made by the parties. This is simply an ADA-discrimination claim, and Brunston's attempts to dress it up as a state-law claim for breach of contract fall short. So I dismiss Brunston's breach of contract claim.

### 3. Brunston also fails to plead a claim for breach of the implied covenant of good faith and fair dealing.

In addition to his breach-of-contract claim, Brunston pleads a claim for contractual and tortious breach of the implied covenant of good faith and fair dealing.[45] A breach of this implied covenant, regardless of whether it sounds in contract or tort, occurs when "the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention

---

[41] ECF No. 21 at 15.
[42] ECF No. 28 at 25.
[43] *Anderson v. Sanchez*, 373 P.3d 860, 863 (Nev. 2016) (cleaned up).
[44] ECF No. 28 at 26.
[45] ECF No. 11 at ¶¶ 59–66.

8

and spirit of the contract."[46]  Both require a contract between the parties.[47]  Because I find that Brunston has failed to adequately allege facts showing that such a contract existed, his implied-covenant claims fail too, and I dismiss it.

**C.     Brunston's requests for declaratory and injunctive relief**

South Point also moves to dismiss Brunston's requests for declaratory and injunctive relief.[48]  It contends that the declaratory-relief claim must fail because his ADA claims fail.[49]  Because I find that Brunston's ADA claims survive, I do not strike his declaratory-relief request.

South Point also contends that Brunston hasn't established standing for injunctive relief.  "[A]n ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for an injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury."[50]  South Point does not argue that Brunston has failed to show that he had an intent to return to the property, but instead contends that there is no case or controversy here because he "cannot point to any continuing or present adverse effects from the previous alleged denial for use of his mirrored sunglasses."[51]  I interpret this to be a resuscitation of South Point's earlier contention that, because the casino would allow him to play blackjack in non-mirrored sunglasses, there is no active dispute in this case.[52]  But this argument requires me to consider evidence extrinsic to the allegations of the complaint, and Brunston

---

[46] *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991).
[47] *Id.*
[48] ECF No. 21 at 16.
[49] *Id.*
[50] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011).
[51] ECF No. 21 at 17.
[52] *Id.* at 12–13.

vigorously disputes South Point's contrary factual theories. Brunston has alleged that he intends to return to South Point to gamble and that South Point will not permit him to wear sunglasses to accommodate his disability.[53] I find these allegations sufficient to establish ADA standing at this stage and thus do not strike Brunson's request for injunctive relief.

**D.    Brunston's motion for reconsideration is denied as moot.**

Because Brunston is a California resident, South Point and Bianchi demanded that he provide security for costs[54] under NRS § 18.130 which, when invoked, mandates that "all proceedings in the action [] be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment . . . or in lieu of such undertaking, the plaintiff may deposit $500 . . . with the clerk of court."[55]  Brunston did not respond to the defendants' motions so I granted them and ordered Brunston to "present to the Clerk of Court $1,000 ($500 per demanding defendant) in lawful money as security under NRS 18.130(1)."[56]  Brunston moves for reconsideration, arguing that he should have had the option under the statute to have two Nevada residents vouch for him rather than being forced to pay the security himself.[57]  But after he filed that motion, he deposited $1000 with the Clerk of Court.[58]  So I find that Brunston's motion for reconsideration is moot and I deny it on that basis.

---

[53] ECF No. 11 at ¶ 25, 30.
[54] ECF No. 13; ECF No. 14.
[55] Nev. Rev. Stat. § 18.130.
[56] ECF No. 15.
[57] ECF No. 16.
[58] ECF No. 19.

**Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 21] is GRANTED in part**.  This case proceeds only on Brunston's ADA, Nevada disability-discrimination, and negligent-training claims.

IT IS FURTHER ORDERED that Brunston's motion for reconsideration **[ECF No. 16] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
December 6, 2022